UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA GOLDSMITH,

    Plaintiff,

v.   Case No: 8:21-cv-2659-CEH-AAS

THE TRAVELERS INDEMNITY
COMPANY OF AMERICA,

    Defendant.
_____

**ORDER**

This cause is before the Court on the Court's Order to Show Cause (Doc. 14) and Defendant's Response to Court's Order to Show Cause (Doc. 16). On December 22, 2021, the Court directed Defendant, The Travelers Indemnity Company of America ("Travelers" or "Defendant"), to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction because Defendant's citizenship and the amount in controversy for diversity jurisdiction had not been sufficiently established. Doc. 14 at 1. Travelers responds that, regarding its citizenship, it separately filed an affidavit demonstrating it is a Connecticut corporation, and therefore diverse from Plaintiff. Doc. 16 ¶¶ 5, 6. Regarding the amount in controversy, Travelers responds that Plaintiff failed to oppose the removal and that discovery requests it propounded on January 4, 2022 may reveal that the amount in controversy has been met. Travelers requests the Court wait until after the discovery responses are received to allow it to file an amended response. *Id.* ¶¶ 7–9. Travelers has failed to

establish that the parties are diverse. Moreover, Travelers has failed to establish that the amount in controversy has been met to invoke the Court's subject matter jurisdiction. Accordingly, the Court will remand this action to the Tenth Judicial Circuit in and for Polk County.

I.   BACKGROUND

As alleged in the Complaint, Plaintiff, Sandra Goldsmith ("Goldsmith" or "Plaintiff"), was involved in a motor vehicle accident on July 2, 2020, in Polk County when the vehicle in which she was riding collided with a vehicle negligently driven by an uninsured/underinsured motorist. Doc. 1-1 at 5. As a result, Goldsmith sustained "serious injuries." *Id.* On June 28, 2021, Goldsmith sued her insurance carrier, Travelers, in state court, for uninsured/underinsured motorist coverage under the policy of insurance Goldsmith had with Travelers at the time of the accident. *Id.* at 6. Goldsmith's Complaint does not include a specific demand for damages, but she alleges her damages exceed $30,000. *Id.* at 4, 6.

On November 10, 2021, Travelers removed the action to this Court predicating the Court's jurisdiction on diversity of citizenship and an amount in controversy that exceeds $75,000. Doc. 1. The Notice of Removal cited to Plaintiff's allegations in her complaint regarding her physical and mental pain and suffering, injuries to her body and aggravation of pre-existing condition, past and future medical expenses, and loss of earnings to support its position that the amount in controversy has been met. *Id.* ¶ 9. These are the types of damages requested in nearly every personal injury complaint filed in state court in Florida, regardless of the extent of the injuries. Such conclusory

allegations reveal nothing regarding whether the damages exceed $75,000. Because the amount in controversy was not apparent from the Notice of Removal and attachments, the Court issued an order to show cause to Travelers (Doc. 14), to which Travelers has now responded (Doc. 16).

Also pending is an unopposed motion to consolidate this action with an action pending before another judge in the Middle District which appears to arise out of the same motor vehicle accident. Doc. 15. Because the other action was removed first and bears the lower case number, Defendant seeks to consolidate the instant action with Case No. 8:21-cv-2656, *Daniel Goldsmith v. Travelers*, pursuant to M.D. Fla. Local Rule 1.07.[1]

## II.   LEGAL STANDARD

Federal courts must *sua sponte* inquire into subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases

---

[1] Although styled a motion to consolidate, Defendant must first request that this case be transferred to the judge with the first-filed action. *See* Local Rule 1.07(a)(2)(B).

3

within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. When evaluating the existence of diversity jurisdiction for a removed action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

It is a removing defendant's burden, as the party who invoked the court's federal jurisdiction by removing the action, to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080

(2008). When considering the amount in controversy, district courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations,'" but are not required to "suspend reality or shelve common sense in determining whether" the papers establish the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). However, the court may not speculate as to the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010).

### III.   DISCUSSION

In its response to the Court's Order to Show Cause, Travelers submits that Plaintiff has not objected to the removal and Plaintiff does not oppose consolidation with the other related action. Doc. 16 ¶ 8. Travelers suggests this supports a finding that Plaintiff implicitly agrees the amount in controversy exceeds $75,000. *Id.* Regardless of any agreement, implicit or otherwise, between the parties, "it is fundamental that parties may not stipulate to federal jurisdiction." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269–70 (11th Cir. 2013). Here, as the party seeking to invoke the Court's jurisdiction, Travelers bears the burden to establish that subject matter jurisdiction exists.

Regarding its citizenship, Travelers directs the Court to the affidavit of its claims adjuster, Sandra Manion, who attests to Travelers' Connecticut citizenship. Doc. 3. The Court finds Travelers has established that it is not a Florida citizen. Regarding Plaintiff's citizenship, the Notice of Removal alleges that Plaintiff is a citizen of Florida. The Notice cites to Plaintiff's residency allegation to support its statement. *See*

5

Doc. 1 ¶ 3 (citing Doc. 1-1 ¶ 2). The Complaint alleges that Goldsmith is a "resident" of Polk County, Florida. Doc. 1-1 ¶ 2. Residency is not the same as citizenship. The Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural individual is a citizen of the state in which he or she is domiciled. *Plevin v. U.S. Bank Nat'l Ass'n for Fla. Mortg. Resolution Trust, Series 2014-4*, No. 6:15-cv-412-CEM-KRS, 2015 WL 12859413, at *1 (M.D. Fla. May 13, 2015) (Spaulding, M.J.) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "A person's domicile is the place of his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257 (internal quotations and alterations omitted). "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011). Thus, the Notice of Removal fails to provide evidence of Plaintiff's citizenship. But even if Travelers can establish that Plaintiff is a Florida citizen, Travelers has failed to carry its burden to establish that the amount in controversy has been satisfied.

"[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not

6

contested by the plaintiff *or questioned by the court*." *Id.* (emphasis added). When the court questions the defendant's allegation, as it has done so here, "the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

Travelers' response to the Court's Order to Show Cause is to request the Court take a wait-and-see approach if discovery which it propounded on January 4, 2022, (the same date it filed its response) supports Travelers' position that the amount in controversy has been satisfied. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *Univ. of S. Ala.*, 168 F.3d at 411; *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). In general, the Court focuses on the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751. "[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Id.* at 755. Travelers has failed to do so. Instead, it propounded jurisdictional discovery the same day it filed its response and requests the Court delay its ruling until such time as the responses are received.

As a preliminary matter, "jurisdictional discovery should be conducted *before* removal—not *after*." *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1225 (S.D. Fla. 2020) (denying request for post-removal subject matter jurisdictional discovery) (emphasis in original); *See Gonzalez v. United States Ctr. for SafeSport*, 374 F. Supp. 3d 1284, 1295 (S.D. Fla. 2019) (rejecting defendant's request for leave to conduct limited post-removal jurisdictional discovery to establish the amount in

7

controversy). To the extent Travelers requests to undertake post-removal jurisdictional discovery, it is denied.

Moreover, Travelers' reliance on the unopposed motion to transfer this case to another judge is unavailing because once the Court "determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Accordingly, it is hereby

**ORDERED:**

1. This case is **REMANDED** to the Circuit Court for the Tenth Judicial Circuit, in and for Polk County, Florida.

2. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Tenth Judicial Circuit Court, in and for Polk County, Florida.

3. The Clerk is further directed to terminate any pending deadlines and motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 13, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties